**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| MANUEL GALLIMORE, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | CASE NO. 4:07-CV-160 (CDL) |
| | * | 28 U.S.C. § 2254 |
| DARRELL HART, Warden, | * | |
| | * | Habeas Corpus Petition |
| Respondent. | * | |

**REPORT AND RECOMMENDATION**

Before the court is Respondent's Motion to Dismiss Petition As Untimely, filed on December 28, 2007. (R-10). Petitioner was notified of his right to file a response to Respondent's Motion, and filed such on January 25, 2008. (R-14).

On May 22, 2003, following a jury trial, Petitioner was found guilty of four (4) counts of armed robbery and two (2) counts of aggravated assault. (R-1). Petitioner was sentenced to concurrent life sentences for each court of armed robbery and to five years for each count of aggravated assault, with said five year sentences to run concurrently to each other and consecutively to the life sentences.

Following the denial of his Motion for New Trial, Petitioner filed a direct appeal, in which his sole enumeration of error was that the evidence was insufficient to support the verdict. On December 11, 2003, the Georgia Court of Appeals found that Petitioner's claim lacked merit, and affirmed Petitioner's convictions and sentence. *See Gallimore v. State*, 264 Ga. App. 629, 591 S.E.2d 485 (2003). On November 22, 2004, Petitioner filed a state

habeas petition in the Superior Court of Baldwin County (R-11-2, Resp. Ex. 1), which, after a hearing, was denied on January 5, 2006. (R-11-3, Resp. Ex. 2). The Georgia Supreme Court denied Petitioners' application for certificate of probable cause to appeal on October 16, 2006. (R-11-4, Resp. Ex. 3). On October 29, 2007, Petitioner filed the current application for federal habeas relief. (R-1).

## AEDPA Limitations Period

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of this Courts habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65, 118 S.Ct. 1969 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;. . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(28 U.S.C. § 2244(d).

2

Under that statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(a)(A). In *Kaufmann v. United States,* 282 F.3d 1336 (11th Cir. 2002), *cert. denied,* 123 S. Ct. 286 (2002), the Eleventh Circuit Court of Appeals joined other Circuits in holding that the AEDPA provides, *inter alia,* that a habeas petition may not be filed more than one year from the "date on which the judgment becomes final." *Id*. at 1339. The *Kaufmann* Court stated:

> We are persuaded by the fact that the Supreme Court has expressly defined when a conviction becomes "final," albeit prior to the enactment of AEDPA. *See Griffith v. Kentucky,* 479 U.S. 314, 107 S. Ct. 708 (1987). In *Griffith,* the Court stated: "By *final,* we mean a case in which a judgment of conviction has been rendered, that availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Id.* at 321 n.6, 107 S. Ct. 708 (emphasis added).

*Id*. at 1338.

Respondent is correct in that Petitioner's instant petition is untimely under 28 U.S.C. § 2244(d). Pursuant to Georgia Supreme Court Rule 38(1), Petitioner had 10 days after judgment in the Court of Appeals within which to file an application for *writ of certiorari*. Since Petitioner did not seek certiorari to the Georgia Supreme Court, his judgment of conviction became final on December 23, 2003, which was the day following the 10 day period to seek certiorari from the denial of his direct appeal pursuant to Georgia Supreme Court Rule 38(1). Therefore, the AEDPA statute of limitations began to run on Petitioner's § 2254 action on December 24, 2003, and ran until the day the Petitioner filed his state

3

habeas petition on November 22, 2004, allowing 334 days of his 365-day period to elapse.

As set out above, the AEDPA one year limitations period provides that "the time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is *pending* shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). The United States Supreme Court, held that "... an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, *the time limits upon its delivery*, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 321 U.S. 4 (2000) (emphasis added). The Eleventh Circuit has further held that "[E]ven prior to *Artuz,* this Court held that a petitioner's state post-conviction application must meet state filing deadlines in order to toll AEDPA's one-year limitation period." *Wade v. Battle,* 379 F.3d 1254, 1260 (11th Cir. 2004); citing *Webster v. Moore,* 199 F.3d 1256, 1258 (11th Cir. 2000).

As such, Petitioner's one-year time period for filing his § 2254 petition was tolled during the pendency of his state habeas petition. Hence, Petitioner had 31 days left in which to file a § 2254 petition when his certificate of probable cause was denied by the Georgia Supreme Court on October 16, 2006. Based on the foregoing, then, when Petitioner filed his federal habeas petition on October 29, 2007, which was 378 days after his certificate of probable cause was denied, Petitioner's federal limitations period had already expired. His

petition was, therefore, 347 days out of time. Thus, Petitioner's application must be concluded to be barred by the AEDPA statute of limitations.

THEREFORE, IT IS RECOMMENDED that Petitioner's § 2254 action be **DISMISSED** as untimely**.** Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED,** this 30th day of January, 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc